IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEONARD TYSON, #118195, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:15-CV-418-WKW |
| ) | [WO] |
| ) | |
| JUDGE TED BOZEMAN, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Leonard Tyson ("Tyson"), an indigent state inmate presently incarcerated at the Kilby Correctional Facility. In this complaint, Tyson challenges the constitutionality of his incarceration pursuant to a conviction and sentence imposed upon him in 2014 by the Circuit Court of Lowndes County, Alabama for receiving stolen property.  *Attachment to the Complaint - Doc. No. 1-1*.

**II.  DISCUSSION**

Upon initiation of this case, Tyson filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  *Application to Proceed Without Prepayment of Fees - Doc. No. 2*.  However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

The records of this court establish that Tyson, while incarcerated or detained, has on at least three occasions had civil actions dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit. The actions on which this court relies in finding a § 1915(g) violation by Tyson are:  (1) *Tyson v. Gholston, et al.*, Case No. 2:99-CV-632-ID-JLC (M.D. Ala. 1999); (2) *Tyson v. Siegelman, et al.*, Case No. 2:99-CV-145-WHA-JLC (M.D. Ala. 2009); and (3) *Tyson v. Gholston, et al.*, Case No. 2:99-CV-144-MHT-JLC (M.D. Ala. 1999).

In the instant complaint, Tyson alleges that his incarceration based on a criminal charge lodged against him in 2013 for which he was subsequently convicted and sentenced is unconstitutional. *Attachment to Complaint - Doc. No. 1-1*. Tyson seeks reversal of this conviction and his release from prison. *Id*. These allegations utterly and completely fail to demonstrate that Tyson was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the exception to application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (A prisoner who has

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216.

filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g).); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (The imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'").

Based on the foregoing, the court concludes that this case is due to be summarily dismissed without prejudice as Tyson failed to pay the requisite filing fee upon his initiation of this case. *Dupree*, 284 F.3d at 1236 (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to [violation of] the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for leave to proceed *in forma pauperis* filed by Leonard Tyson be DENIED.

2. This case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.[2]

---

[2] Tyson is advised that even had he paid the requisite filing fee he would not presently be entitled to relief in this cause of action as "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" the basis for his incarceration. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (The "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus.); *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (When a plaintiff "makes allegations that are

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 2, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

---

inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit."  *Heck* directs that a state inmate "making a collateral attack on his conviction [and/or the attendant term of incarceration] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute.").  *Heck* and its progeny therefore bar Tyson's use of any federal civil action, other than an application for habeas corpus relief, to mount a collateral attack on his conviction or confinement.

Done this 18th day of June, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE